IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM N. DAVIS,       ) | |
|     Petitioner,       ) | |
|            ) | |
| v.       ) | CIVIL ACTION NO. 1:23-00061-JB-N |
|            ) | |
| RICHARD HETRICK,       ) | |
|     Respondent.       ) | |

## REPORT AND RECOMMENDATIONS

Petitioner William N. Davis – an Alabama pre-trial detainee proceeding *pro se* – filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 28, 2023.[1] (Doc. 1).[2] However, subsequent to Davis's initiation of this action, he has failed to prosecute it and comply with the Court's directives. Accordingly, upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** Davis's § 2241 petition (Doc. 1) be **DISMISSED without prejudice**.

## I.  *Background*

As stated above, Davis initiated this action by filing a petition for habeas relief on January 28, 2023. (Doc. 1).[3] However, he did not pay the $5 filing fee for such an

---

[1] The assigned District Judge has referred this petition to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/16/2023 elec. ref.).

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

[3] The undersigned construed the operative filing as a petition under 28 U.S.C. § 2241 because Davis states he is in state custody at Escambia County Jail as a pre-trial detainee rather than "pursuant to the judgment of a State Court." *See* 28 U.S.C. §§ 2241, 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).

1

action or file a motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"). Accordingly, by order dated February 24, 2023, the undersigned ordered Davis to either pay the filing fee or file an IFP motion by no later than March 24, 2023. (Doc. 2).[4] This deadline came and went without any response from Petitioner, so the undersigned extended his deadline for compliance, *sua sponte*, until April 26, 2023. (Doc. 3).[5] This extended deadline also lapsed with no response from Davis. The undersigned granted another *sua sponte* extension on June 13, 2023, giving Davis until July 5, 2023 to comply with the Court's prior directives. (Doc. 4).[6] To date, no filing fee or IFP motion has been received by the Court, nor has Davis filed anything further in support of his petition. No prior order has been returned as undeliverable.

## II.  *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). *See Brown v.*

---

[4] This order also noted that "Davis's failure to comply with this directive… will result in entry of a recommendation that he be denied leave to proceed IFP in this action and that his § 2241 petition be dismissed without prejudice *sua sponte* unless the filing fee is paid within the time prescribed for objections to the recommendation." (Doc. 2, PageID.7).

[5] This order also explained: "Failure to comply with this Order within the prescribed time… will result in a recommendation that Davis's petition be dismissed without prejudice for failure to prosecute and/or non-compliance with the Court's orders." (Doc. 3, PageID.10).

[6] This order reiterated that failure to comply with the Court's directives would result in dismissal for failure to prosecute and or non-compliance with the Court's orders. (Doc. 4, PageID.12).

*Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (unpublished) ("The district court's 'power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.'" (citation omitted)). *See also*, Rule 12 of the § 2254 Rules ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").[7]

In the present case, Davis filed his § 2241 petition on January 28, 2023, and the Court has not received any filings or correspondence from him since that date. He has been noticed on three prior occasions that failure to pay the filing fee or file an IFP motion and/or failure to comply with Court directives may result in a recommendation that his § 2241 petition be dismissed without prejudice. (*See* Docs. 2, 3, 4). Despite such warnings, Davis has failed to prosecute this action without explanation or justification.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d

---

[7] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions.

1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## III. *Certificate of Appealability*

In actions such as this one brought under § 2241, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the § 2254 Rules. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned **RECOMMENDS** Davis be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present § 2241 habeas petition, as reasonable jurists would at least not find it debatable whether the

4

Court was correct in its procedural ruling dismissing his petition for failure to prosecute and/or non-compliance with three Court directives.[8]

## IV. *Appeal In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished). Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Davis of the denial of the present § 2241 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[9]

---

[8] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the Petitioner, he may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of appealability, Petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the § 2254 Rules.

[9] Petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

*V.     Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Davis's § 2241 Petition for Writ of Habeas Corpus (Doc. 1) dated January 28, 2023, be **DISMISSED without prejudice** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Further, the undersigned **RECOMMENDS** Davis be **DENIED** a Certificate of Appealability and that the Court **CERTIFY** that any appeal by Davis of the denial of the present § 2241 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*. The undersigned **RECOMMENDS** that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should not that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of August 2023.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**